NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-1021 & 05-1436
_____

ANTHONY GEORGE ALLEN,
              Appellant,

v.

ERIC RIPOLL, LT.; TIMOTHY GREGORY, LT.;
MOONEY, LT.; BUREAU OF PRISONS
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-00373E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 26, 2005

Before: ALITO, SMITH AND COWEN, <u>Circuit Judges</u>.

(Filed September 26, 2005)
_____

OPINION
_____

PER CURIAM

  Anthony George Allen, an inmate incarcerated at the Federal Correctional

Institution-McKean, appeals from the District Court's judgment in favor of the

defendants in his civil action alleging denial of access to the courts and retaliation. For the reasons that follow, we will affirm.

In 1994, Allen was sentenced to life in prison after pleading guilty to federal controlled substance offenses in the United States District Court for the Northern District of Texas. The Fifth Circuit affirmed Allen's conviction and sentence. After his attempts to obtain relief in the sentencing court under 28 U.S.C. § 2255 were unsuccessful, Allen filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c). The Fifth Circuit affirmed the denial of Allen's § 3582(c) motion. United States v. Allen, No. 99-10698 (5th Cir. Apr. 13, 2000.) The Fifth Circuit then granted Allen an extension of time until September 1, 2000, to file a petition for rehearing.

Allen did not file a timely petition for rehearing, however. According to Allen, a fellow inmate, Austin Nwanze, had been assisting him with his legal filings. Prison officials confiscated Allen's legal documents from Nwanze's cell while Nwanze was in a special housing unit (SHU) from May 11, 2000, until August 20, 2000. Prison officials did not return Allen's legal materials to him until October 2000, and allegedly only after he withdrew an administrative grievance he had filed against them in September 2000.

In November 2001, Allen initiated the current civil action in the Western District of Pennsylvania against three prison officials and the Bureau of Prisons. In his amended complaint, Allen alleged that the defendants: (1) violated his First Amendment right to access the court by deliberately withholding legal materials necessary to filing a timely

petition for rehearing in the Fifth Circuit; and (2) retaliated against him for participating in a prior lawsuit, filing an administrative grievance, and refusing to sign a false declaration against Nwanze. Upon the Magistrate Judge's recommendation, the District Court granted the defendants' motion for summary judgment on Allen's access to the courts claim, but denied summary judgment as to the claim of retaliation. Allen then moved for relief from the order under Rule 60(b) of the Federal Rules of Civil Procedure, which the District Court denied on December 15, 2004. Allen appealed.[1]

Meanwhile, the parties conducted further discovery regarding Allen's claim of retaliation. The defendants then moved for summary judgment on the ground that Allen failed to administratively exhaust his retaliation claim. The Magistrate Judge examined the administrative grievances Allen filed, concluded that he had never presented a claim of retaliation in any grievance, and recommended granting the defendants' motion for summary judgment. The District Court agreed with the Magistrate Judge, granted summary judgment in favor of the defendants, and closed the case. Allen again appealed.[2]

---

[1] To the extent the Government asserts a jurisdictional defect, Allen cured any such defect by filing a second notice of appeal following the District Court's entry of a final order. We have consolidated the two appeals for all purposes.

[2] We review de novo an order granting summary judgment. Saldana v. K Mart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c).

We address first whether the District Court properly rejected Allen's claim of denial of access to the courts. This claim is based on prison officials' confiscation of Allen's legal materials from Nwanze's cell while Nwanze was in SHU. Because the prison officials would not return his legal materials, Allen contends, he was unable to file a timely petition for rehearing with the Fifth Circuit.

An inmate who alleges a violation of the right of access to the courts must show an actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Actual injury can be demonstrated by showing that the defendants' actions resulted in the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir.1997). The underlying lost or rejected legal claim must be specifically identified and meritorious. See Christopher v. Harbury, 536 U.S. 403, 414 (2002).

We agree with the District Court that Allen's claim does not provide a basis for relief. Allen alleges that he lost the opportunity to file a petition for rehearing following the Fifth Circuit's decision affirming the denial of his § 3582(c) motion. We agree with the District Court that Allen has failed completely to demonstrate that his petition for rehearing was meritorious. In short, without a meritorious argument for rehearing, Allen's denial of access claim fails.

Allen's remaining claim is that the defendants retaliated against him as described previously. The District Court granted summary judgment to the defendants on this claim because Allen failed to exhaust administrative remedies. We have reviewed the

grievances and agree completely with the Magistrate Judge that they do not suggest a claim of retaliation. Accordingly, for the reasons set forth in the Magistrate Judge's report and recommendation and the District Court's final order, the District Court correctly granted summary judgment in favor of the defendants on this claim.

For the foregoing reasons, we will affirm the District Court's entry of judgment in favor of the defendants. The Government's motion for summary affirmance is denied as moot.